[Crim. No. 29872. Second Dist., Div. Five. May 31, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JOEL PAUL KIRKWOOD, Defendant and Appellant.

**COUNSEL**

Stanley H. Anderson for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Daniel L. Bershin, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

ASHBY, J.—Defendant was charged with misdemeanor drunk driving. (Veh. Code, § 23102, subd. (a).) The evidence at trial consisted solely of the police report which the court considered after the following submission:

"THE COURT: Sir, is it your desire that the matter be submitted to me on the basis of the police report to determine whether you are guilty or

not guilty and you are giving up your right to both the jury trial and the court trial; is that correct?

"THE DEFENDANT: Yes.

"THE COURT: Counsel join?

"MR. ANDERSON [DEFENSE COUNSEL]: Counsel join.

"MR. MARTINEZ [PROSECUTOR]: Your Honor, may the record reflect that I have contacted Detective Parker of the sheriff's department and he has consented to this submission on the police report." Following this submission, defense counsel made a lengthy, but unsuccessful, argument that there was insufficient evidence in the police report to sustain a conviction. Defendant was found guilty as charged. He appealed from the judgment. The case is before us upon an order transferring it from the Appellate Department of the Los Angeles County Superior Court. (Cal. Rules of Court, rule 62(a).)

Defense counsel informed this court that he advised defendant before trial of the rights defendant would be waiving by submitting the case on the police report, that his strategy was to rely on the state of the evidence in the report, and that he believed defendant would be acquitted. Counsel thought that defendant understood what was about to happen, but defendant informed him immediately after trial that he had not understood in advance the procedure to be followed. The People now urge that because counsel believed the evidence was insufficient and because defendant was advised of his rights outside the record, a complete waiver of his rights on the record was not required.

█ Defendant's challenge to the sufficiency of the evidence to sustain his conviction has no merit. However, we need not discuss that issue in depth because the issue upon which the appeal turns is whether the submission was based upon an adequate waiver of defendant's rights. Our inquiry focuses on whether there is anything distinctive about this particular case which removes it from the ambit of the rules enunciated in *Bunnell* v. *Superior Court,* 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086]. We hold that there is no legally significant distinction under the circumstances of the instant case between a submission on a police report

and a submission on a reporter's transcript.[1] Thus we find that *Bunnell* is controlling.

In *Bunnell* v. *Superior Court, supra,* 13 Cal.3d 592, 605, the court held: "The distinction heretofore established between submissions that are 'tantamount to a plea of guilty' and those in which the defendant actively contests his guilt has also unnecessarily burdened trial courts with the task of attempting to determine in advance of the acceptance of the submission whether guilt is apparent, acknowledged, or contested. We have concluded that in order to relieve trial courts of this burden and in order to give maximum assurance that defendants are fully aware of the significant rights that they surrender in any submission and of the possible consequences thereof, such defendants shall be fully advised of these rights and consequences and that the record shall reflect such advice, waivers, and acknowledgment by the defendant of his understanding of these consequences in all submissions.

"Therefore, although some of our requirements are not constitutionally compelled, we have concluded that effective upon the date on which this opinion becomes final, in all cases in which the defendant seeks to submit his case for decision on the transcript or to plead guilty, the record shall reflect that he has been advised of his right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination. It shall also demonstrate that he understands the nature of the charges. Express waivers of the enumerated constitutional rights shall appear. In cases in which there is to be a submission without a reservation by the defendant of the right to present evidence in his own defense he shall be advised of that right and an express waiver thereof taken. If a defendant does not reserve the right to present additional evidence and does not advise the court that he will contest his guilt in argument to the court, the defendant shall be advised of the probability that the submission will result in a conviction of the offense or offenses charged. In all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, registration requirements, if any (e.g., [Pen. Code,] § 290; Health & Saf. Code, § 11590), and, in appropriate cases the possibility of commitment pursuant to Welfare and Institutions Code, sections 3050, 3051, or 6302." (13 Cal.3d at p. 605.)

---

[1]The People conceded at oral argument before this court that the same rule must apply to submissions on police reports and to misdemeanor trials as applies to submissions upon the reporter's transcript of a preliminary hearing in felony trials.

In the case at bar counsel acknowledged that he advised defendant of the rights he would waive by proceeding via the submission, but defendant told him immediately after trial that he had not understood the advice. Thus, even if defendant were adequately advised of his rights by counsel, there is no showing that he understood those rights and therefore could knowingly waive them. The trial court's record in this case shows only that defendant was advised of and waived his right to a trial. The waiver was therefore inadequate to support the submission. (*Bunnell* v. *Superior Court, supra.*)

The judgment is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.